# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO J.W.J. AND J.C.J.,
MINORS.

No. 71522

DENISE D.S.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; J.W.J.; AND
J.C.J., MINORS,
Respondents.

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights as to two minor children. Eighth Judicial District Court, Clark County; Cynthia N. Giuliani, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the children's best interests. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, a risk of serious physical or emotional injury to the children if the children are returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

SUPREME COURT
OF
NEVADA

(O) 1947A

*17-19863*

Appellant alleges that the district court erred by terminating her parental rights when she had completed the requirements of her case plan. She also argues that the district court only terminated her parental rights because the district court judge knew someone who had taken the same prescription drug appellant took and the drug had made that person fall asleep during court.

Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault findings that appellant is an unfit parent and failed to adjust the circumstances that led to the children's removal. *See* NRS 128.105(1)(b)(3)-(4). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. "What constitutes being unfit can vary from case to case but generally includes continued drug use, criminal activity, domestic violence, or an overall inability to provide for the child's physical, mental or emotional health and development." *In re Parental Rights as to N.J.*, 125 Nev. 835, 845, 221 P.3d 1255, 1262 (2009) (internal quotations omitted). Failure of parental adjustment occurs when a parent is unable or unwilling within a reasonable time to substantially correct the circumstances which led to the removal of the child. NRS 128.0126.

At the time of the district court's decision, the children had been out of appellant's care for the past 24 months. The children were removed as a result of their father's domestic violence against appellant and because of appellant's abuse of prescription drugs. Despite appellant's assertion that she was no longer in a relationship with the children's father and the directive that she not disclose her address to him, he was seen leaving her home and she conceded that he had come over on more

than one occasion. Further, appellant continued to test positive for substances for which she did not have a current prescription. While appellant has completed the technical requirements of her case plan, she has not demonstrated the necessary behavioral change. *See In re Parental Rights as to A.P.M.*, 131 Nev., Adv. Op. 66, 356 P.3d 499, 503-05 (2015) (recognizing that technical case plan completion does not prevent termination if there is evidence the parent has not learned the lessons proffered by the case plan). And to the extent appellant alleges that the district court was biased against her, she has waived this argument by failing to move to disqualify the district court judge below. *See Brown v. Fed. Sav. & Loan Ins. Corp.*, 105 Nev. 409, 412, 777 P.2d 361, 363 (1989) (explaining that a party waives the issue of disqualification on appeal if the party does not request disqualification within the time limitations set by NRS 1.235). Thus, substantial evidence supports the district court's finding that appellant is an unfit parent and has failed to adjust the circumstances that led to the children's removal.[1]

While appellant does not directly challenge the district court's finding that termination of her parental rights is in the best interests of the children, we conclude that substantial evidence supports that finding. Appellant failed to rebut the presumption that because the children have resided outside of her care for 14 of 20 consecutive months, termination was in their best interest. NRS 128.109(2). Further the children have

---

[1]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

been excelling since they were removed and have been placed with their maternal aunt who would like to adopt them. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Cynthia N. Giuliani, District Judge
       Denise D.S.
       Clark County District Attorney/Juvenile Division
       Legal Aid Center of Southern Nevada, Inc.
       Eighth District Court Clerk